**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4065
_____

SHUN XIAN DING,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098 277 222)
Immigration Judge:  Honorable Margaret Reichenberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2011
Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 18, 2011 )
_____

OPINION
_____

PER CURIAM

Shun Xian Ding petitions for review of an order of the Board of Immigration

Appeals ("BIA") that denied his motion to reopen his removal proceedings.  We will

deny the petition for review.

1

Ding is a native and citizen of China. He originally applied for asylum based on his opposition to China's family planning policy. He was found not to be credible, and his asylum claim was denied. He then filed a timely motion to reopen, claiming that he had begun attending a Christian church in the United States in October of 2008, that he had been baptized on December 21, 2008, and that China had recently increased suppression of non-sanctioned religious groups in China. A.R. 25.

The BIA noted that most of the documentary evidence Ding submitted with his motion to reopen was not new—much predated his February 17, 2009 hearing before an Immigration Judge. The BIA found that a 2009 congressional report Ding submitted did not reflect "new" information, as it referenced "continued" control and suppression of religious activity in China. The BIA also noted that Ding and his family were already Christians when Ding was living in China, and found that Ding's decision to attend church and be baptized in the United States did not change his "self-report." Ding reported that a relative experienced trouble in 2004 due to religious activity, but the BIA found he could have raised that claim in his earlier proceedings. Ding's wife submitted a letter, but the BIA found it "vague." The BIA stated, "[s]he asserts that she 'recently' stopped attending 'the local church' because of 'interference and dismantlement,' also alleging that '[m]any of our church members were arrested.'" The BIA noted that the letter did not give any details as to time, place, or actors involved. Ding also cited an incident in July 2009 in Shanxi Province, but the BIA noted that Ding is not from that province. Ding also referred to a June 2009 incident at a private church in his hometown

2

that was raided by police during a meeting of preachers. The BIA did not directly discount this incident, but did state that "there is no evidence reflecting that any of the particularized incidents alleged by the respondent in support of his motion ever occurred," so that the BIA was "unable to determine whether they are new and material for purposes of reopening."

"A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. . . . A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing . . . ." 8 C.F.R. § 1003.2(c)(1). The BIA may deny a motion to reopen where "the movant has not introduced previously unavailable, material evidence." INS v. Abudu, 485 U.S. 94, 104 (1988).

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We review the BIA's denial of a motion to reopen for abuse of discretion. See Fadiga v. Att'y Gen., 488 F.3d 142, 153 (3d Cir. 2007). Under that standard, we will not reverse the BIA's decision unless "it is arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002)).

The BIA did not abuse its discretion in denying the motion to reopen where it concluded that much of the evidence Ding presented was not "new"; i.e., it could have been produced at Ding's earlier hearing. What little evidence Ding presented that post-

3

dated his hearing did not establish a change in circumstances from the time of his hearing, as opposed to a continuation of suppression of underground churches. Further, aside from a vague reference in his wife's letter regarding "interference" and "dismantlement" of a local church, and an unsupported statement in his motion that in June 2009 preachers in an unregistered church in his hometown "were suppressed by the local government and the trainers were expelled," A.R. 25, none of the evidence Ding submitted referred to increased religious persecution in his home province.

Ding argues in his brief here that he should not have been required to make an asylum claim on the basis of religious persecution "at an earlier time" because the claim "would not have been credible or reasonable," as he was not a devout believer growing up. Petitioner's Brief at 7. However, Ding had been baptized nearly two months before his individual hearing. Ding did not move to continue his hearing to add a claim on the basis of religious persecution or otherwise raise the claim in his hearing. We thus hold that the BIA did not abuse its discretion in finding that Ding failed to present previously unavailable and material evidence in support of his motion to reopen.

For the foregoing reasons, we will deny the petition for review.